UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DOUGLAS HALLOWELL<br>    Plaintiff | ) CIVIL ACTION NO.  3:11-CV-01294 (SRU)<br>)<br>) |
| v. | )<br>) |
| | ) |
| MAIN STREET ACQUISITION CORP. and<br>And LAW OFFICES HOWARD LEE SCHIFF<br>P.C. | )<br>)<br>) |
|     Defendants | )     SEPTEMBER 26, 2011 |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS**

Defendants, Main Street Acquisitions Corp. [hereinafter, "Main Street"] and, Law Offices

Howard Lee Schiff, P.C. [hereinafter, the "Schiff Law Office"] [collectively referred to as "defendants"]

hereby submit the following Memorandum of Law in Support of its Motion to Dismiss plaintiff's

Complaint filed with this Court on August 15, 2011 pursuant to Rule 12(b)(6) of the Federal Rules of

Civil Procedure:

I.     **BACKGROUND.**

Defendant, Main Street, purchased a credit card debt owed by the plaintiff to HSBC with a

balance due and owing of $8,821.02.  Main Street referred the debt to the Schiff Law Office for

collection.  Defendant, Schiff Law Office, located in East Hartford, Connecticut, is a firm which

specializes in creditor's rights litigation.  The firm takes pride in its efforts to fully comply with the Fair

Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* [hereinafter, "the Fair Debt Act"], as well as

all other laws regulating this area of practice.  The firm devotes substantial time, efforts and

resources to compliance issues.

By date of April 29, 2011, the Schiff Law Office sent Mr. Hallowell a validation notice as required by 15 U.S.C. §1692g(a). In response, Mr. Hallowell sent a letter to the Schiff Law Office by certified mail admitting liability for this debt and offering to settle the account to avoid going to court. **Exhibit 1.** Mr. Hallowell requested information relating to the purchase of the debt by Main Street, but he did not request information which might validate the existence of the debt nor did he indicate that he disputed owing the debt. *Id.*

Mr. Hallowell's complaint fails to state a valid claim under the Fair Debt Act, as more fully set forth below, and therefore, the Complaint must be dismissed.

## II    STANDARD OF REVIEW

"[T]o survive a motion to dismiss, a complaint must establish 'a plausible entitlement to relief,'" *Vernet v. Serrano-Torres*, 566 F.3d 254, 258 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559, (2007)), and "must contain 'enough facts to raise a reasonable expectation that discovery will reveal evidence' supporting the claims." *Fantini v. Salem State College*, 557 F.3d 22, 26 (1st Cir. 2009); *see also Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.") (citation and internal quotation marks omitted). *Iqbal* also teaches that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." 129 S.Ct. at 1949 (citation omitted).

A Rule 12(b)(6) motion must be granted if "the facts, evaluated in [a] plaintiff-friendly manner, [do not] contain enough meat to support a reasonable expectation that an actionable claim

may exist." *Andrew Robinson Int'l, Inc. v. Hartford Fire Ins. Co.*, 547 F.3d 48, 51 (1st Cir. 2008) (citations omitted). "Dismissal for failure to state a claim is appropriate if the complaint fails to set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." *Gagliardi v. Sullivan*, 513 F.3d 301, 305 (1st Cir. 2008) (quotation marks omitted).

The court "take[s] the well-pleaded facts in the light most favorable to the plaintiff and indulge[s] him all reasonable inferences, [but] need not credit bald assertions, periphrastic circumlocutions, unsubstantiated conclusions, . . . outright vituperation, or subjective characterizations, optimistic predictions, or problematic suppositions." *Id.* (quotation marks omitted).

In the instance case, plaintiff has failed to allege sufficient facts to state a cause of action, and has alleged false facts which cannot result in a judgment for this plaintiff under the Fair Debt Collection Practices Act. Therefore, plaintiff seeks a dismissal of this case pursuant to Fed. Rule Civ. Proc. 12(b)(6).

## III. THE IS NO VALID CLAIM FOR A VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT.

In 1977, Congress passed the Fair Debt Collection Practices Act [hereinafter, "FDCPA" or "the Fair Debt Act"] for the purpose of eliminating abusive debt collection practices. 15 U.S.C. § 1692, *et seq.* Attorneys at law who regularly practice in the area of consumer collection work are subject to the provisions of the Fair Debt Act, and must comply therewith. *See Heintz v. Jenkins*, 514 U.S. 291 (1995).

The "least sophisticated consumer" and the "unsophisticated consumer" standards are

objective standards which necessarily incorporate the concept of reasonableness. *See Gammon v. GC Servs. Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir.1994); *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir.1993)(noting that in applying the " least sophisticated consumer" standard, " courts have carefully preserved the concept of reasonableness," and that courts have " consistently applied" the standard " in a manner that protects debt collectors against liability for unreasonable interpretations of collection notices").

15 U.S.C. §1692g(a) provides that the plaintiff is obligated to provide defendant with a validation notice.  Plaintiff was sent this notice by the Schiff Law Office, and thereafter plaintiff had the right to dispute the debt and request validation of the debt within 30 days after this initial communication:

> If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

15 U.S.C. §1692g(b).

In this case, the Complaint alleges that there was no validation of the debt provided by the Schiff Law Office.  However, this allegation is inaccurate.  A fair reading of Mr. Hallowell's letter indicates that there was no indication of any dispute of the debt in his May 12, 2011 letter.  The phrase "disputed debt" is referred to and defined in § 1692g(b) as requiring the debtor to make a written submission in order for the matter to be considered a disputed debt. *See, e.g., Morgovsky v. Creditors Collection Service of San Francisco*, 1995 WL 316970 (N.D.Cal.1995) (credit agency did not violate FDCPA by failing to disclose disputed status of debt when Plaintiff did not dispute debt in

4

writing). Moreover, he did not request the name and address of the original creditor. If the debtor

does not dispute the debt, the collector may assume it is valid. 15 U.S.C. § 1692g(a)(3).

Moreover, in Count One, plaintiff has join the additional claim against Main Street that it has

falsely reported that this debt was disputed under 15 U.S.C. §1692e. However, this allegation is

simply not supported by the letter sent by Mr. Hallowell on May 12. *See, e.g., Morgovsky v.*

*Creditors Collection Service of San Francisco,* 1995 WL 316970 (N.D.Cal.1995) (credit agency did

not violate FDCPA by failing to disclose disputed status of debt when plaintiff failed to dispute debt

in writing). Based upon the foregoing, there are no facts which reasonably support the allegations

set forth in Count One, and therefore, it must be dismissed.

## IV.      CONCLUSION.

Based upon the foregoing, none of the plaintiff's alleged violations of the Fair Debt Act in

Count One and Two of this Complaint must fail, and therefore, this Court must dismiss this case.

DEFENDANTS, MAIN STREET ACQUISITION CORP
and LAW OFFICES HOWARD LEE SCHIFF, P.C.

/S/*Jeanine M. Dumont*
Jeanine M. Dumont, Ct05021
Law Offices Howard Lee Schiff PC
510 Tolland Street
East Hartford, Connecticut 06108
Telephone (860) 528 9991
Fax (860) 528 7602

## CERTIFICATION OF SERVICE

I hereby certify that a copy of the foregoing and any attachments hereto were mailed,
postage prepaid, on SEPTEMBER 26, 2011 to the following counsel of record:

**PLAINTIFF**
BERNARD KENNEDY
157 PINE ORCHARD ROAD
BRANFORD, CT.  06405

                                   /S/*Jeanine M. Dumont*
                                   Jeanine M. Dumont

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR.**

May 12, 2011

Howard Lee Schiff, PC

510 Tolland Street

POB 280245

East Hartford, CT 06108

RE:    CN-V63449

Dear Creditor Representative:

I am in receipt of your letter date April 29, 2011. Apparently this debt has been purchased by a third party creditor Main Street Acquisition. I am interested in reaching a settlement that can accommodate my financial distress, I have no interest in going to court over this debt.

May I please have the following:

*Date of purchase when this debt was sold to Main Street Acquisition

*Price that the debt was purchased for

The past 2 years have been a nightmare for my family and I. Several job losses left us in an unfavorable position to pay credit card debt and we were left in over $25,000 of unsecured debt. I do not wish to file bankruptcy to protect myself from judgment unless I absolutely have to. Currently I am unemployed once again leaving funds to pay these debts scarce.

I could entertain a payback here of 40% payable in 2 lump sums over a 60 day period. If accepted I would arrange an immediate payout of half the settlement with the remainder being due within 60 days. Please respond by letting me know if this is acceptable to your client.

Respectfully,

Douglas Hallowell

RECEIVED  MAY 16 2011

# EXHIBIT 1

Haldwell
Sicardand CT
Meriden, CT 06450

7010 1870 0001 5703 5157



1000

06108

UNITED STATES
POSTAL SERVICE

U.S. POSTAGE
PAID
MERIDEN, CT
06450
MAY 12, 11
AMOUNT
$3.29
0005/964-07

Howard Lee Schiff, PC
510 Tolland St
PoB 280245
East Hartford, CT 06128