**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| DOUGLAS HALLOWELL<br>Plaintiff | ) | CIVIL ACTION NO. 3:11-CV-01294 (SRU) |
| v. | ) | |
| MAIN STREET ACQUISITION CORP. and<br>And LAW OFFICES HOWARD LEE SCHIFF<br>P.C.<br>Defendants | ) | OCTOBER 24, 2011 |

**DEFENDANTS' MOTION FOR ATTORNEY'S FEES**
**PURSUANT TO 15 U.S.C. §1692k AND FED. R. CIV. P. 11**

Defendants, MAIN STREET ACQUISITION CORP and LAW OFFICES HOWARD LEE SCHIFF, P.C., hereby move this Court for attorney's fees under the provisions of 15 U.S.C. §1692k and Fed. R. Civ. P. §11, and in support of this Motion, defendants state:

Defendant, Main Street, purchased a credit card debt owed by the plaintiff to HSBC with a balance due and owing of $8,821.02. Main Street referred the debt to the Schiff Law Office for collection. Defendant, Schiff Law Office, located in East Hartford, Connecticut, is a firm which specializes in creditor's rights litigation. The firm takes pride in its efforts to fully comply with the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* [hereinafter, "the Fair Debt Act"], as well as all other laws regulating this area of practice. The firm devotes substantial time, efforts and resources to compliance issues.

By date of April 29, 2011, the Schiff Law Office sent Mr. Hallowell a validation notice as required by 15 U.S.C. §1692g(a). In response, Mr. Hallowell sent a letter to the Schiff Law Office dated May 12, 2011, by certified mail admitting liability for this debt and offering to settle the account to avoid going to court as follows:

May 12, 2011

Howard Lee Schiff, PC

510 Tolland Street

POB 280245

East Hartford, CT 06108

RE: CN-V63449

Dear Creditor Representative:

I am in receipt of your letter date April 29, 2011. Apparently this debt has been purchased by a third party creditor Main Street Acquisition. I am interested in reaching a settlement that can accommodate my financial distress, I have no interest in going to court over this debt.

May I please have the following:

*Date of purchase when this debt was sold to Main Street Acquisition

*Price that the debt was purchased for

The past 2 years have been a nightmare for my family and I. Several job losses left us in an unfavorable position to pay credit card debt and we were left in over $25,000 of unsecured debt. I do not wish to file bankruptcy to protect myself from judgment unless I absolutely have to. Currently I am unemployed once again leaving funds to pay these debts scarce.

I could entertain a payback here of 40% payable in 2 lump sums over a 60 day period. If accepted I would arrange an immediate payout of half the settlement with the remainder being due within 60 days. Please respond by letting me know if this is acceptable to your client.

Respectfully,

Douglas Hallowell

RECEIVED MAY 16 2011

**Exhibit 1.** Mr. Hallowell requested information relating to the purchase of the debt by Main Street, but he

did not dispute the debt or request documentation which might confirm that balance due and owing. *Id.*

Upon receipt of Mr. Hallowell's lawsuit in this action, the undersigned immediately contacted plaintiff's counsel to advise that there was no notice of any dispute of this debt from Mr. Hallowell—rather Mr. Hallowell admitted the debt, and a fair reading of his letter would not mandate validation of the debt. **Exhibit 2.** Mr. Kennedy never responded to this letter, but he sent the attached email to our client on or about August 26, 2011. **Exhibit 3.** At the letter makes clear, Mr. Kennedy maintains that the FDCPA was violated because there was no validation of the debt after Mr. Hallowell's letter.

As a result, defendant's counsel was forced to move dismiss this case under the provisions of Fed. R. Civ. P. 12(b)(6). Thereafter, this Court scheduled argument on this motion. Plaintiff's counsel "voluntarily dismissed" this action "without prejudice and without costs" on October 2, 2011. **Exhibit 4.**

The FDCPA "was not intended...to place a sword in the hands of a debtor. It was intended to give him a shield against false, deceptive or misleading representation." *Emanuel v. American Credit Exchange*, 870 F.2d 805, 807 (2d Cir. 1989)

Defendants are entitled to attorney's fees pursuant to the provisions of 15 U.S.C. §1692k and Fed. R. Civ. P. 11. 15 U.S.C. §1692k(a)(3) provides in relevant part:

> **On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs.**

It is patently clear from a simple reading of Mr. Hallowell's letter that the debtor did not in any way dispute the debt or demand validation of the debt. Therefore, it is clear that this action was commenced in bad faith and for the purposes of demanding money from the defendants and/or seeking to avoid payment of the debt herein.

Such actions much not be tolerated by this Court. While it is true that the FDCPA is intended to

prevent abusive conduct by debt collectors, at the same time, the FDCPA does not promote bad faith tactics such as the commencement of clearly unsupportable claims, as here.

Additionally, Rule 11 provides in relevant part:

**Rule 11. Signing Pleadings, Motions, and Other Papers; Representations to the Court; Sanctions**

(a) SIGNATURE. Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name-or by a party personally if the party is unrepresented. The paper must state the signer's address, e-mail address, and telephone number....

(b) REPRESENTATIONS TO THE COURT. By presenting to the court a pleading, written motion, or other paper-whether by signing, filing, submitting, or later advocating it-an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

(c) SANCTIONS.
(1) *In General.* If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee.
(2) *Motion for Sanctions.* A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.
(3) *On the Court's Initiative.* On its own, the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b).
(4) *Nature of a Sanction.* A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion

> and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation.

In the present case, defendants were forced to incur attorney's fees as set forth in the Affidavit of Jeanine M. Dumont filed herewith. Defendants provided Mr. Kennedy with notice of the frivolousness of these allegations in August, and it was not until October—after a motion to dismiss had been filed—that the action was "voluntarily dismissed" by plaintiff's counsel.

This action was brought without any regard to the provisions of the FDCPA or any law, and there was not only no investigation of the facts, but there was clearly a decision to ignore its express provisions. *See e.g., Chaudhry v. Gallerizzo,* 174 F.3d 394, 410 (4th Cir.1999); *Ford v. Principal Recovery Group, Inc., 2011 U.S. Dist. LEXIS 111535 (W.D.N.Y. 2011)* (where complaint lacked evidentiary support Rule 11 sanctions reasonable). "Rule 11 insures that an attorney who signs any document verifies that he has conducted an investigation, and that, to the best of his knowledge, the averments are accurate and grounded in fact." *Green v. Hocking,* 9 F.3d 18, 22 (6th Cir. 1993). However, here, it is clear that not only was there no investigation conducted, but the plaintiff ignored the law and asserted a claim in bad faith for an alleged failure to validate the debt in this case.

Based upon the foregoing, defendants respect fully request that attorney's fees be awarded in accordance with the attached Affidavit of Attorney's Fees.

DEFENDANTS, MAIN STREET ACQUISITION CORP and LAW OFFICES HOWARD LEE SCHIFF, P.C.

/S/*Jeanine M. Dumont*

Jeanine M. Dumont, Ct05021
Law Offices Howard Lee Schiff PC
510 Tolland Street
East Hartford, Connecticut 06108
Telephone (860) 528 9991
Fax (860) 528 7602

## CERTIFICATION OF SERVICE

I hereby certify that a copy of the foregoing and any attachments hereto were mailed, postage prepaid, on OCTOBER 24, 2011 to the following counsel of record:

**PLAINTIFF**
BERNARD KENNEDY
157 PINE ORCHARD ROAD
BRANFORD, CT.  06405

/S/*Jeanine M. Dumont*
Jeanine M. Dumont

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR.**

May 12, 2011

Howard Lee Schiff, PC

510 Tolland Street

POB 280245

East Hartford, CT 06108

RE: CN-V63449

Dear Creditor Representative:

I am in receipt of your letter date April 29, 2011. Apparently this debt has been purchased by a third party creditor Main Street Acquisition. I am interested in reaching a settlement that can accommodate my financial distress, I have no interest in going to court over this debt.

May I please have the following:

*Date of purchase when this debt was sold to Main Street Acquisition

*Price that the debt was purchased for

The past 2 years have been a nightmare for my family and I. Several job losses left us in an unfavorable position to pay credit card debt and we were left in over $25,000 of unsecured debt. I do not wish to file bankruptcy to protect myself from judgment unless I absolutely have to. Currently I am unemployed once again leaving funds to pay these debts scarce.

I could entertain a payback here of 40% payable in 2 lump sums over a 60 day period. If accepted I would arrange an immediate payout of half the settlement with the remainder being due within 60 days. Please respond by letting me know if this is acceptable to your client.

Respectfully,

Douglas Hallowell

RECEIVED MAY 16 2011

EXHIBIT 1

HALLOWELL
52 OAKLAND CT
MERIDEN, CT 06450

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

CERTIFIED MAIL

7010 1870 0001 5703 5157

1000

06108

U.S. POSTAGE
PAID
MERIDEN, CT
06450
MAY 12, 11
AMOUNT

$3.29
00057964-07

Howard Lee Schiff, PC
510 Tolland St
POB 280245
East Hartford, CT 06108

0610882501

LAW OFFICES
HOWARD LEE SCHIFF, P.C.

EAST HARTFORD, CONNECTICUT
PORTLAND, MAINE
WORCESTER, MASSACHUSETTS
MANCHESTER, NEW HAMPSHIRE
PROVIDENCE, RHODE ISLAND
RUTLAND, VERMONT

510 Tolland Street POB 280245 East Hartford, Connecticut 06108
Telephone (860) 528-9991 Facsimile (860) 528-7602

Howard Lee Schiff 1933-2007

August 22, 2011

***Via Fax***
443 607 8903

Michael Kennedy, Esq.
The Kennedy Law Firm
P.O. Box 657
Edgewater, MD 21037

Re: *Douglas Hallowell*
*Our CN # V63449*

Dear Mr. Kennedy:

We are in receipt of your fax dated August 17, 2011. We received a letter from Mr. Hallowell dated May 12, 2011. Mr. Hallowell's letter is enclosed. There is no language in this letter which suggests that Mr. Hallowell is "disputing" this debt. In fact, the letter appears to have been intended to *settle* this claim. Mr. Halloween requested the date of the purchase of the debt and the price that was paid. However, there was no request for validation of the debt.

Your complaint alleges that we were required to stop all collection activity until validation of the debt. 15 U.S.C. §1692g(b) provides as follows:

(b) **Disputed debts**

If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, **is disputed,** or that **the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt**....

Since there was no indication that Mr. Hallowell either disputed the debt or requested validation of the debt, the provision to "cease collection" was never invoked.

We ask that this action be immediately withdrawn since it is frivolous. I would appreciate hearing from you relative to this matter. Thank you.

**EXHIBIT 2**

Sincerely,

Jeanine M. Dumont

ENCLOSURES

May 12, 2011

Howard Lee Schiff, PC

510 Tolland Street

POB 280245

East Hartford, CT 06108

RE:   CN-V63449

Dear Creditor Representative:

I am in receipt of your letter date April 29, 2011. Apparently this debt has been purchased by a third party creditor Main Street Acquisition. I am interested in reaching a settlement that can accommodate my financial distress, I have no interest in going to court over this debt.

May I please have the following:

*Date of purchase when this debt was sold to Main Street Acquisition

*Price that the debt was purchased for

The past 2 years have been a nightmare for my family and I. Several job losses left us in an unfavorable position to pay credit card debt and we were left in over $25,000 of unsecured debt. I do not wish to file bankruptcy to protect myself from judgment unless I absolutely have to. Currently I am unemployed once again leaving funds to pay these debts scarce.

I could entertain a payback here of 40% payable in 2 lump sums over a 60 day period. If accepted I would arrange an immediate payout of half the settlement with the remainder being due within 60 days. Please respond by letting me know if this is acceptable to your client.

Respectfully,

Douglas Hallowell

RECEIVED MAY 16 2011

*********************

*** TX REPORT ***

*********************

TRANSMISSION OK

| | |
|---|---|
| TX/RX NO | 1271 |
| DEPT. ID | 0009963 |
| RECIPIENT ADDRESS | 14436078903 |
| DESTINATION ID | |
| ST. TIME | 08/22 18:19 |
| TIME USE | 00'35 |
| PAGES SENT | 3 |
| RESULT | OK |



The Kennedy Law Firm
<mwk550@yahoo.com>
09/26/2011 11:39 AM
Please respond to The Kennedy Law Firm

To: "scott.loynd@credigy.net" <scott.loynd@credigy.net>
Subject: Hallowell v. Howard Lee Schiff & Main Street Acquisition

JeanineDumont

# EXHIBIT 3

**Scott Loynd**

I write this letter in response to Attorney Dumont's letter of August 22, 2011.

In that letter Attorney Dumont takes the position that the pro-se client did not use the official words I am "disputing" this debt and therefore the law office of Howard Lee Schiff felt no need to validate the debt.

I would submit, that was probably not the way I would have handled it. The FDCPA requires Debt Collectors to notify consumer debtor of their rights pursuant to the FDCPA in the initial communication or within 5 days of the initial communication. The pro se consumer reads a statement that unless the consumer, within thirty days, after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector. Then he reads a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

My client a pro se consumer at the time sends a "certified letter" to Howard Lee Schiff's office within the 30 day period. The letter states "May I please have the following:

1. Date of purchase and when this debt was sold to Main Street Acquisition.

2. Price that the debt was purchased for.

These questions alone tell me that my client, was demanding that the debt

collector, Howard Lee Schiff prove that Main Street Acquisition had the legal right to demand payment from him. The court will look review this matter and determine whether Mr. Hallowell meant to dispute this debt under the "least sophisticated consumer standard, as this is the proper standard to apply under a validation analysis. *Goldberg v. Trans world Sys., Inc* . 164 F3d 617 (2nd Cir 1988); *Russel v. Equifax A.R.S* . 74 F.3d 30 (2nd Cir 1996).

"A Consumer need not use particular language to dispute a debt as long as he conveyed that he was questioning the existence, validity or the extent of the debt. *Burke v. Messerli & Kramer P.A.* , 2010 WL 3167403 (D. Minn. Aug 9, 2010).

This is the beginning of my argument. Other actions taken or the failure to be taken on behalf of each debt collector (Howard Lee Schiff and Main Street Acquisition) continued to violate the FDCPA, after the initial violation of failing to validate this debt and then taking another legal action, such as, in this case the filing of the law suit in the Connecticut Superior Court. I also note that there is vicarious liability under the FDCPA when one debt collector hires another debt collector.

Please advise if you have a settlement figure you would like to provide now.

My client is looking for forgiveness of debt, statutory damages and attorney fees.

Michael W. Kennedy
email.kennedy@yahoo.com

The Kennedy Law Firm
Maryland Consumer Law Group
P.O. Box 657
Edgewater, Maryland 21037
Phone: (443) 607-8901
Fax:    (443) 607-8903
www.kennedykennedy.com

Michael W. Kennedy is licensed to practice law in Connecticut.
Bernard T. Kennedy is licensed to practice law in Maryland and Connecticut .

* * * Important Confidentiality Notice * * *

This e-mail, together with any files or documents transmitted with it is from The Kennedy Law Firm. This e-mail is confidential and it may also contain information that is legally privileged as client communications, or protected by the attorney work product doctrine or other legal rules.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DOUGLAS HALLOWELL

Plaintiff, **JURY TRIAL**

V.

CIVIL ACTION NO
3:11-CV-1294 (SRU)

MAIN STREET ACQUISITION CORP.

LAW OFFICE OF HOWARD LEE SCHIFF, P.C.

Defendants. OCTOBER 2, 2011

NOTICE OF DISSMISSAL

The plaintiff through his attorney Bernard T. Kennedy stipulates that the claims in the above-entitled action shall be dismissed without prejudice and without costs, subject to approval of the Court.

THE PLAINTIFF

BY/S/Bernard T. Kennedy

Bernard T. Kennedy, Esquire
The Kennedy Law Firm
157 Pine Orchard Road
Branford, CT 06405
Ph (443) 607-8901
Fax (443) 607-8903
Fed. Bar # CT00680
bernardtkennedy@yahoo.com

**EXHIBIT 4**

*CERTIFICATION*

I hereby certify that on 10/2/11 a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

BY/S/Bernard T. Kennedy

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| DOUGLAS HALLOWELL<br>Plaintiff | ) CIVIL ACTION NO. 3:11-CV-01294 (SRU) |
| v. | ) |
| MAIN STREET ACQUISITION CORP. and<br>And LAW OFFICES HOWARD LEE SCHIFF<br>P.C.<br>Defendants | )<br>)<br>)<br>) OCTOBER 24, 2011 |

**AFFIDAVIT OF ATTORNEY'S FEES**

I, Jeanine M. Dumont, do on oath, depose and state as follows:

1. I am attorney of record for the plaintiffs herein, and a partner with the Law Offices Howard Lee Schiff, P.C. Before becoming a partner at Law Offices Howard Lee Schiff P.C., I was an equity partner at Pepe & Hazard LLP for 17 years, and co-chair of the firm's Commercial Litigation Department specializing in creditor's rights, commercial collections and foreclosures. I was firm admitted to the practice of law in 1984, and I have been practicing law for more than 25 years in Connecticut. My area of expertise is in creditor's rights and contested consumer collection cases. I am admitted to practice in the Connecticut, Massachusetts, Rhode Island and California, as well as federal courts, including District of Connecticut, Second Circuit Court of Appeal, and the United States Supreme Court. I am a frequent speaker on creditors' rights subjects, and co-chair of the Creditor's Rights Committee of the Connecticut Bar Association. I am the author of the Debt Collection chapter of the Connecticut Bar Association's Lawyer's Deskbook, as well as Pleadings and Practice, a Connecticut Lawyers' Deskbook.

2. I have personal knowledge of the matters stated herein. Plaintiff is entitled to the recovery of attorney's fees in this matter, as more fully set forth in the plaintiff's Motion filed herewith. The undersigned has maintained a record of the time devoted to this case as follows:

| Date of Services | [illegible] | Attorney | [illegible] | [illegible] |
|---|---|---|---|---|
| 8/18/11-8/19/11 | REVIEW INCOMING FEDERAL COURT COMPLAINT; REVIEW FILE AND RESEARCH ALLEGATIONS MADE IN COMPLAINT BY PLAINTIFF | J Dumont | 4.25 hours | $ 1,487.50 |
| 8/22/11 | DRAFT LETTER TO PLAINTIFF'S COUNSEL AS TO WHY CAUSE OF ACTION IS INVALID AND ACTION SHOULD BE WITHDRAWN | J Dumont | 1 hour | 350.00 |
| 8/22/11 | REPORT ACTION TO MAIN STREET ACQUISITION AND ADVISE OF ALLEGATIONS IN COMPLAINT | J Dumont | 1.3 hours | 455.00 |
| 9/12/11 | PREPARE/DRAFT CORPORATE DISCLOSURE STATEMENTS AND APPEARANCES | J Dumont | 1.5 hours | 525.00 |
| 9/12/11 | CONFER WITH MAIN STREET AS TO CORPORATE DISCLOSURE AND STRATEGY | J Dumont | 3 hours | 1,050.00 |
| 9/26/11 | REVIEW RESPONSE FROM PLAINTIFF'S COUNSEL; CONFER WITH CO DEFENDANT ON RESPONSE | J Dumont | .5 | 175.00 |
| 9/25/11-9/26/11 | DRAFT AND FILE MOTION TO DISMISS AND MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS; LEGAL RESEARCH; FINALIZE CORPORATE DISCLOSURE FOR MAIN STREET AND HLS AND FILE WITH COURT | J Dumont | 7.2 hours | 2,520.00 |
| **TOTAL** | | | | **$6,562.50** |

4. My hourly billing rate is $350.00 per hour. This is my standard hourly billing rate for contested cases that are billed by the hour. Based upon the foregoing, plaintiff is entitled to an award of attorney's fees of $6,562.50, which sum does not include the time devoted to drafting this Motion and Affidavit as well as well as attending any hearing.

The foregoing is true and correct to the best of my knowledge and belief.

Dated at East Hartford, Connecticut this 24th day of October, 2011.

[signature]

**Jeanine M. Dumont**

Jeanine M. Dumont

STATE OF CONNECTICUT )
) ss: East Hartford October 24, 2011
COUNTY OF HARTFORD )

Then personally appeared before me the above-named Jeanine M. Dumont, known to me, who, having been by me duly sworn, stated that she had read the foregoing Affidavit of Jeanine M. Dumont, and that its contents are true of her personal knowledge, and that as to statements therein stated to be true upon information and belief, she is so informed and believes them to be true.

Adam J. Olshan

~~Notary Public~~ Commissioner of the Superior Court
~~My Commission Expires~~:
Commissioner of the Superior Court

**CERTIFICATION OF SERVICE**

I hereby certify that a copy of the foregoing and any attachments hereto were mailed, postage prepaid, on OCTOBER 24, 2011 to the following counsel of record:

**PLAINTIFF**
BERNARD KENNEDY
157 PINE ORCHARD ROAD
BRANFORD, CT. 06405

/S/*Jeanine M. Dumont*
Jeanine M. Dumont

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR.**