UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DOUGLAS HALLOWELL

    Plaintiff,

V.                                 CIVIL ACTION NO.
                                      3:11-CV-01294 (SRU)

MAINSTREET ACUISATION CORP
AND LAW OFFICES HOWARD LEE
SCHIFF, P.C.

    Defendants

<u>PLAINTIFF'S OPPOSITION TO MOTION
FOR COUNSEL FEES</u>

Plaintiff opposes defendants' motion for counsel fees because it is untimely, improperly substantiated, and without basis in fact or law. This case was brought on August 15, 2011, under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692-1692o, on the good faith basis that plaintiff's letter was disputing (seeking confirmation of) the debt buyer's ownership of the account. Doc. 12, at 13-14, citing case law. Defendants revealed their different understanding of the letter only after suit was brought.

<u>THE FEE APPLICATION IS UNTIMELY</u>

Fed. R. Civ. P. 54(d)(2)(B)(i) mandates that defendants file and serve their fee motion "no later than 14 days after the entry of judgment." The motion must be denied as untimely, since it was filed 22 days after dismissal. Courts routinely deny

an untimely motion for attorney's fees under the Rule, including <u>Miller v. Credit Collection Servs</u>., 200 F.R.D. 379, 382 (S.D. Ohio 2000) (FDCPA) (defendant's fee application denied as untimely); <u>Mendez Junior Int'l Co. v. Banco do Brasil, S.A.</u>, 215 F. 3d 306, 312 (2d Cir. 2000) (motion for attorney's fees, to be timely, must be served and filed no later than 14 days after entry of judgment); <u>Weyant v. Okst</u>, 198 F.3d 311, 315 (2d Cir. 1999) (same); <u>Kona Ent., Inc. v. Estate of Bishop</u>, 229 F.3d 169, 171-72 (9th Cir. 2000) (failure to comply with 14-day rule "should be sufficient reason to deny the fee motion, absent some compelling showing of good cause"); <u>Allen v. Murphy</u>, 194 F.3d 722, 723-24 (6th Cir. 1999) (must file within 14 days or move for extension before expiration of 14 days); <u>United Ind., Inc. v. Simon-Hartley, Ltd.</u>, 91 F.3d 762, 766 (5th Cir. 1996) (failure to apply within 14 days is waiver); <u>Sugarbaker v. SSM Health Care</u>, 187 F.3d 853 (8th Cir 1991) (belated 15th day filing is excusable neglect); <u>In re Texaco Inc. Shareholder Derivative Litigation</u>, 123 F. Supp. 2d 169, 171-72 (S.D.N.Y. 2000) (fee application denied as untimely); <u>Slader v. Pearle Vision Inc</u>., 199 F.R.D. 125 (S.D.N.Y. 2001) (mandatory 14 day time limit should not be lightly disturbed); <u>Luedeke v. Village of New Paltz</u>, 194 F.R.D. 64, 65 (N.D.N.Y. 2000) (fee application denied as untimely where no request for extension).

<u>DEFENDANTS DID NOT COMPLY WITH RULE 11</u>

    Defendants did not properly move for Rule 11 sanctions. There was no motion giving plaintiff the "safe harbor" required by Fed. R. Civ. P. 11(c)(2). See <u>Oliphant v. Simboski</u>, 2005 WL 927169 (D. Conn. Apr. 19, 2005) (copy attached). <u>Nuwesra v.</u>

2

Merrill Lynch, Fenner & Smith, Inc., 174 F.3d 87, 94 (2d Cir. 1999), confirmed that a court may impose sanctions under F. R. Civ. P. 11(c) only upon compliance with the terms of the Rule. No motion complying with Rule 11(c)(2) was made in this matter. Since defendants did not comply with the terms of Rule 11there is no basis to award Rule 11 sanctions to defendants.

Rule 11 sanctions cannot be imposed on plaintiff himself. Rule 11(c)(5).

THE MOTION FOR FDCPA FEES MUST FAIL

The Court need not address defendants' FDCPA claim unless the Court deems the motion to have been timely filed. 15 U.S.C. §1692k(a)(3) provides: "On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs." (Emphasis added.) The Second Circuit has interpreted this provision to permit such an attorney's fee award "only upon" such a finding of bad faith *and* purpose of harassment. Savino v. Computer Credit, Inc., 164 F.3d 81, 88 n.3 (2d Cir. 1998). Note that fees may be awarded only against the plaintiff, not against his attorney. Hyde v. Midland Credit Mgmt., Inc., 567 F.3d 1137, 1141-42 (9th Cir. 2009).

Defendants base their motion on one conclusory assertion that "this action was brought in bad faith and for the purposes of demanding money from the defendants and/or seeking to avoid payment of the debt herein." Doc. No. 12 at 3. Since the plaintiff did not realize that defendants might have misread his letter until after suit

3

was brought, it could not have been <u>brought</u> in bad faith. Since an FDCPA action is always for the purpose of demanding money for the violations, defendants do not meet the "purpose of harassment" clause. <u>Jacobson v. Healthcare Fin. Servs., Inc.</u>, 516 F.3d 85, 96 (2d Cir. 2008) ("[B]y providing for statutory damages and attorneys fees for successful plaintiffs, the FDCPA permits and encourages parties who have suffered no loss to bring civil actions for statutory violations.").

Accordingly, Defendants' §1692k(a)(3) motion must be denied. See <u>Csugi v. Monterey Financial Services, Inc.</u>, 2001 U.S. Dist. LEXIS 21255 (D. Conn. Oct. 30, 2001) (denying costs absent a finding of bad faith and purpose of harassment); <u>Jones v. Weiss</u>, 95 F. Supp. 2d 105, 111 (N.D.N.Y. 2000) (inadequate evidence to support purpose of harassment); <u>Countryman v. Solomon and Solomon</u>, 2000 U.S. Dist LEXIS 1397 *8 (N.D.N.Y. 2000) ("The absence of sufficient evidence in this case that plaintiffs believed their action to be without merit or was motivated purely by a desire to harass the defendants, prevents the making of an award under 15 U.S.C. § 1692k(a)(3)"). In <u>Bezpalko v. Gilfillan, Gilpin & Brehman</u>, 1998 WL 321268 (E.D. Pa. 1998), the court refused to find bad faith even though plaintiff's claims were barred by controlling Third Circuit authority. See also <u>Reibe v. Juergensmeyer & Assoc.</u>, 979 F. Supp. 1218, 1222 (N.D. Ill. 1997) (consumer, though the losing party, did not bring action in bad faith to harass in view of unique nature of the claim and the current debate as to the scope of FDCPA coverage). In <u>Knowles v. Credit Bureau of Rochester</u>, 1992 WL 131107 (W.D.N.Y. 1992), the court refused to find bad

faith/purpose of harassment even though defendant's attorney made an effort to demonstrate compliance with the FDCPA before the action was brought, citing Mendez v. Apple Bank Savings, 541 N.Y.S.2d 920, 924 (N.Y. City Civ. 1989):

> In the absence of any evidence that the plaintiff believed his action to be without merit or was motivated purely by a desire to harass [the defendant], sanctions under this provision are not warranted. This is particularly true where, as here, the [defendant] may well have made a mistake which at the very least caused [plaintiff] to be inconvenienced.

See also Conley v. KCA Financial Services, Inc., 931 P.2d 808, 810 (Or. App.1997) (dismissal for failure to state a claim insufficient basis to award fee).

Defendants' speculation as to bad faith, and absence of discussion as to purpose of harassment, are insufficient to award FDCPA fees.

THE MOTION IS IMPROPERLY SUBSTANTIATED

Fatal to defendants' fee application is the absence of any showing that the time records were kept contemporaneously, a long-standing Second Circuit requirement. New York State Assoc. for Retarded Children v. Carey, 711 F.2d 1136, 1147-48 (2d Cir. 1983). In addition, the Defendants have not presented evidence regarding the "billing rates charged by Connecticut firms providing similar services." Tsombanidis v. City of West Haven, 208 F.Supp.2d 263, 273 (D. Conn. 2002). Finally, it is literally impossible for any attorney to spend 4.25 hours over two days researching a one-issue three-page complaint. Doc. No. 12 at 9-10 shows no efforts at research other than consulting the FDCPA; they provide no justification for spending yet another hour on their four paragraph letter on 8/22. Preparing appearances is clerical

and noncompensable; the corporate disclosure statement is a form defendants have filed in many federal cases. Perhaps 15 minutes rather than 1.5 hours should have been entered for 9/12/11. The entry for two days, 9/25 and 9/26 shows an astonishing 7.2 hours for a five page, largely boilerplate, memo with only one ad rem legal citation, despite the claim of additional research time. Defendants have the National Consumer Law Center's FDCPA manual, which makes such research a breeze.

In other words, the fee application seems to be heavily padded.

## CONCLUSION

Plaintiff's position was not so devoid of merit as to warrant awarding attorney's fees under any legal theory proposed by defendants.

THE PLAINTIFF

BY/S/Bernard T. Kennedy

Bernard T. Kennedy, Esquire
The Kennedy Law Firm
157 Pine Orchard Road
Branford, CT 06405
Ph   (443) 607-8901
Fax (443) 607-8903
Fed. Bar # CT00680
bernardtkennedy@yahoo.com

6

## *CERTIFICATION*

I hereby certify that on 10/29/11 a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

BY/S/Bernard T. Kennedy